| | | |
|---|---|---|
| **GWENDOLYN JO MAXWELL** | * | NUMBER: 649,415 |
| **VERSUS** | * | **1st JUDICIAL DISTRICT COURT** |
| **HOME DEPOT U.S.A., INC.** | * | **CADDO PARISH, LOUISIANA** |

## PETITION FOR DAMAGES

The petition of GWENDOLYN JO MAXWELL, major and resident of and domiciliary of Shreveport in Caddo Parish, Louisiana, respectfully represents:

1.

The Defendants enumerated below are justly and truly indebted to Plaintiff, GWENDOLYN JO MAXWELL, for a reasonable sum in dollars together with legal interest from date of judicial demand until paid and for all costs of these proceedings:

A. HOME DEPOT U.S.A., INC. (hereinafter "HOME DEPOT"), a foreign corporation authorized to do and doing business in the State of Louisiana which can be served through its registered agent for service of process CSC of St. Tammany Parish, Inc., 417 West 21st Avenue, Covington, LA 70433.

2.

The wrongful act which injured Petitioner, GWENDOLYN JO MAXWELL, occurred on or about April 20, 2023 at approximately 2:15 pm.

3.

The incident occurred at Defendant's, HOME DEPOT'S, premises located at 110 East Bert Kouns Industrial Loop, City of Shreveport, Parish of Caddo, State of Louisiana.

4.

At all pertinent times, Defendant, HOME DEPOT, held care, custody, and control of the building and floor of the 110 East Bert Kouns Industrial Loop store.

5.

On or about the above date, a stack of tomato cages were protruding into the aisle in the garden section.

6.

While walking through the garden section, Plaintiff tripped on the tomato cages that were protruding into the aisle and fell into a law mower.

```
Caddo Parish                    649415
Filed Mar 22, 2024 3:11 PM         C
Breaneshia Thompson
Deputy Clerk of Court
E-File Received Mar 22, 2024 3:05 PM
```

Service

**EXHIBIT A**

7.

The presence of the tomato cages protruding into the aisle created an unreasonably dangerous condition.

8.

The risk of harm resulting from the unreasonably dangerous condition created by the presence of the tomato cages protruding into the aisle was reasonably foreseeable by HOME DEPOT.

9.

HOME DEPOT created the condition which caused the damage to Plaintiff.

10.

In the alternative, HOME DEPOT had actual or constructive notice and therefore knew or should have known of the unreasonably dangerous condition which caused damage to Plaintiff.

11.

HOME DEPOT failed to exercise reasonable care to remedy the unreasonably dangerous condition which caused damage to Plaintiff.

12.

At all times pertinent hereto, Plaintiff was lawfully on the premises of HOME DEPOT'S 110 East Bert Kouns Industrial Loop store and was keeping a proper lookout.

13.

Plaintiff shows that Defendant, HOME DEPOT, was negligent and at fault for the incident in the following non-exclusive particulars:

A. Allowing the presence of the tomato cages protruding into the aisle where patrons would be walking;

B. Failing to properly inspect the store for the presence of an unreasonably dangerous condition;

C. Failing to warn patrons of the unreasonably dangerous condition;

D. Failing to remedy the unreasonably dangerous condition;

E. Creating an unreasonably dangerous condition; and

F. Failing to exercise reasonable care.

14.

As a result of the unreasonably dangerous condition of the floor, Plaintiff, GWENDOLYN JO MAXWELL, tripped and fell into a lawn mower, tearing her right rotator cuff and injuring her right hip, right knee, right hand, and cervical spine.

15.

As a result of the incident, Plaintiff, GWENDOLYN JO MAXWELL, has suffered the following damages:

A. Past medical bills;

B. Future medical bills;

C. Past mental and physical pain and suffering;

D. Future mental and physical pain and suffering; and

E. Loss of enjoyment of life.

16.

Plaintiff attaches certain interrogatories to Defendant's service copy of this original Petition, which Defendant is to answer in writing, under oath, within the time delays provided by law and to provide copies of their answers to Plaintiff's attorney.

WHEREFORE, Plaintiff prays:

1. That there be judgment herein in favor of the Plaintiff, GWENDOLYN JO MAXWELL, against Defendant, HOME DEPOT, for a reasonable sum in dollars, together with legal interest from the date of judicial demand until paid, and all costs of this proceeding;

2. That any expert witness fees be fixed and taxed as cost; and

3. For all general necessary and equitable relief.

Petitioner, GWENDOLYN JO MAXWELL, further prays for an order directing Defendant, HOME DEPOT, to produce and file in the record of this proceeding within 30 days from the service hereof:

1. Any recorded or written statements of the Plaintiff;

2. A copy of any injury or incident report completed by employees of HOME DEPOT relating to the incident which occurred on April 20, 2023;

3. In store surveillance or security video evidence from the April 20, 2023 incident;

4. Any photographs or video recordings taken of the subject area where the incident occurred, either before, or during, or after the incident, including the name, address, and telephone number of those individuals who actually took the photographs or videos and who had the photographs or videos in their physical possession.

Respectfully submitted,

_____
**CHARLES E. TABOR**
**ATTORNEY AT LAW, LLC**
Charles E. Tabor (#31984)
Thomas G. Hathaway (#40810)
670 Albemarle Drive, Ste. 301
Shreveport, LA 71106
Phone: 318-963-0953
Fax: 318-582-1245
service@charlestaborlaw.com

**PLEASE SERVE:**

1. HOME DEPOT U.S.A., INC.
   Through its registered agent for service of process
   CSC of St. Tammany Parish, Inc.
   417 West 21st Avenue
   Covington, LA 70433